**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CONSOLIDATED UNDER MDL DOCKET NO. 875 |

| | |
|---|---|
| HILDA ROBINSON, Individually and as Personal Representative of the Estate of CURTIS ROBINSON, Deceased, | ) ) ) CIVIL ACTION ) |
| Plaintiff, | ) No.: 2:08-cv-89339-ER ) |
| vs. | ) (U.S.D.C. PENNSYLVANIA EASTERN) ) ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) ) ) |
| Defendants. | ) |

**ILLINOIS CENTRAL RAILROAD COMPANY'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Illinois Central Railroad Company ("Illinois Central"), incorrectly named as Canadian National Illinois Central Railway Company, by its undersigned attorneys, pursuant to Federal rule of Civil Procedure 56(a) hereby moves this Honorable Court to enter partial summary judgment in favor of Defendant on any claim for damages attributable to the decedent's 1996 diagnosis of small cell lung cancer and purported 2001 diagnosis of asbestosis for the reason that such claims are time-barred under the applicable statute of limitations; therefore, there is no genuine dispute as to a material fact and Defendant is entitled to partial judgment as a matter of law. A memorandum in support of this Motion is attached hereto and incorporated by reference herein.

          ILLINOIS CENTRAL RAILROAD COMPANY

      By: /s/Michael C. Hermann
         Mark R. Kurz (IL# 06211071)
         Michael C. Hermann (IL# 06286393)
         BOYLE BRASHER LLC
         5000 West Main Street, Box 23560
         Belleville, IL  62223-0560
         Phone: (618) 277-9000
         Fax: (618) 277-4594
         E-mail: mkurz@boylebrasher.com
         E-mail: mhermann@boylebrasher.com

         ATTORNEYS FOR DEFENDANT

## PROOF OF SERVICE

  I certify that on December 10, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

      By: /s/Michael C. Hermann
         Mark R. Kurz (IL# 06211071)
         Michael C. Hermann (IL# 06286393)
         BOYLE BRASHER LLC
         5000 West Main Street, Box 23560
         Belleville, IL  62223-0560
         Phone: (618) 277-9000
         Fax: (618) 277-4594
         E-mail: mkurz@boylebrasher.com
         E-mail: mhermann@boylebrasher.com

**MEMORANDUM IN SUPPORT**

Defendant Illinois Central Railroad Company ("Illinois Central"), by its undersigned attorneys, submits the following Memorandum in Support of its Partial Motion for Summary Judgment:

**BACKGROUND**

On February 23, 2005, Plaintiff Hilda Robinson, Individually and as Personal Representative for the Estate of Curtis Robinson ("the decedent"), deceased, filed this lawsuit against Illinois Central pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, alleging the decedent developed "asbestos-related lung cancer" as a result of occupational exposure to asbestos during employment with Illinois Central. (Ex. A, ¶ 4)

In accordance with MDL 875 Administrative Orders, Plaintiff submitted medical diagnosing reports issued by Dr. George Martindale and Dr. Ray Harron dated May 30, 2001, along with copies of the decedent's medical records. (Ex. B)  In his May 30, 2001 report, Dr. Martindale purportedly diagnosed the decedent with asbestosis after a physical examination and review of his medical history, work history, and chest radiograph. (Ex. B, p. 8)  In his May 30, 2001 report, Dr. Harron's listed the decedent's alleged asbestos exposure history as "1953 to 1958, Illinois Central Railroad." (Ex. B, p. 10)

During discovery, Defendant served Plaintiff with the following Interrogatory pursuant to Federal Rule of Civil Procedure 33:

> Identify specifically each and every injury, disease or condition allegedly sustained by the decedent which you claim in this action was caused by defendant, Illinois Central Railroad Company, and as to each provide:
>
> a.  a complete description of the nature and extent, including the duration and permanency, if any, of each such condition including any and all past or present symptoms;

    b.    the date upon which such symptoms first appeared, the date each such condition was diagnosed and the person who first diagnosed the condition;

    c.    the name and address of each treating physician or other therapist who has examined or treated the decedent for the condition, including the inclusive dates of such treatment and the exact nature of such treatment

Plaintiff response to the foregoing interrogatory did not specify any alleged injury, disease or condition, but simply directed Defendant to "[s]ee Decedent's medical records, personnel file, and medical file. Plaintiff claims that Decedent's disease resulted in his death." (Ex. C) Elsewhere in response to Defendant's Interrogatories, Plaintiff indicated that she is seeking recovery in this suit for the following alleged damages: "pain and suffering, disability, medical bills, funeral expenses and mental anguish." (Ex. C)

    Medical records submitted by Plaintiff show that the decedent was diagnosed with a small cell lung cancer in the upper lobe of his right lung in January of 1996. (Ex. B, pp. 16, 18-19) According to medical records produced, the decedent was hospitalized and underwent chemotherapy and radiation therapy to treat the small cell lung cancer in 1996. (Ex. B, p. 18) The decedent apparently had no recurrence of the small cell lung cancer subsequent to the chemotherapy and radiation treatments. (Ex. B, p. 18) According to medical records submitted by Plaintiff, the decedent was diagnosed with a newly discovered non-small cell lung cancer with a left lower lobe mass in September of 2002. (Ex. B., p. 16)

### STATEMENT OF UNCONTESTED FACTS

    1.    On February 23, 2005, Plaintiff filed suit against Illinois Central pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.,* alleging the decedent developed "asbestos-related lung cancer" as a result of occupational exposure to asbestos during employment with Illinois Central. (Ex. A, ¶ 4)

2.   Plaintiff did not provide the date of diagnosis for the decedent's lung cancer injury for which she seeks recovery.  (Ex.'s A, B)

3.   According to medical records submitted by Plaintiff, the decedent was diagnosed with a small cell lung cancer in January of 1996. (Ex. B, p. 18)

4.   According to medical records submitted by Plaintiff, the decedent was diagnosed with a non small-cell lung cancer in September of 2002. (Ex. B, p. 18)

5.   Plaintiff's decedent was purportedly diagnosed with asbestosis on May 30, 2001 by Dr. George Martindale. (Ex. B, p. 8)

6.   On or before May 30, 2001, Plaintiff's decedent reported an alleged history of occupational exposure to asbestos while employed by the Illinois Central Railroad to Dr. Ray Harron. (Ex. B, p. 10)

7.   In accordance with MDL 875 Administrative Order No. 12, Plaintiff submitted the May 30, 2001 reports of Drs. Martindale and Harron as the medical diagnosing reports upon which Plaintiff relies for the prosecution of his purported asbestosis claim against Illinois Central. (Ex. B)

## ARGUMENT

**A.   Legal Standard.**

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Turner v. The Saloon, Ltd.,* 595 F.3d 679, 683 (7th Cir. 2010). Material facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). A dispute of such material

fact is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the non-moving party. *Id.*

The moving party has the initial burden of demonstrating that an essential element of the non-moving party's case is lacking. *Celotex,* 477 U.S. at 322-23. Under the FELA, no action may be maintained "unless commenced within three years from the date the cause of action accrued." 45 U.S.C. § 56. "In [a] FELA case, a cause of action accrues for statue of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Green v. CSX Transp., Inc.,* 414 F.3d 758, 763 (7th Cir. 2005) (citing *Tolston v. Nat'l R.R. Passenger Corp.,* 102 F.3d 863, 865 (7th Cir. 1996); *Fries v. Chicago & Nw. Transp. Co.,* 909 F.2d 1092, 1095 (7th Cir. 1990). Compliance with the three-year statute of limitations is a condition precedent to recovery under the FELA. *Emmons v. S. Pac. Transp. Co.,* 701 F.2d 1112, 1117 (5th Cir. 1983).

**B.    Any Claim for Damages Attributable to the Decedent's 1996 Small-Cell Lung Cancer is Time-Barred.**

Any claim for damages related to the decedent's 1996 lung cancer diagnosis is time barred because Plaintiff did not file suit within three years of the diagnosis. Even if the decedent did not suspect asbestos exposure as a potential cause of his small-cell lung cancer at the time of his diagnosis in 1996, he had an affirmative duty to investigate potential causes. In any event, the decedent knew of his alleged exposure to asbestos at the railroad no later than May 30, 2001, when he reported his alleged exposures to Drs. Martindale and Harron. (Ex. B)

Under the "discovery rule", accrual for statute of limitations purposes is determined by making an <u>objective</u> inquiry into when the plaintiff knew, or should have known, in the exercise of reasonable diligence, the essential facts of injury and potential causes. *See Aparicio v. Norfolk & W. Ry.,* 84 F.3d 803, 807 (6th Cir. 1996); *Fries v. Chicago & NW. Transp. Co.,* 909 F.2d 1092,

1095 (5th Cir. 1990) (emphasis added). Once an injury manifests itself, a FELA plaintiff has an affirmative duty to use reasonable diligence to discover its potential cause. *Aparicio,* 84 F.3d at 815.

A FELA plaintiff need not know of specific causation to begin the running of the three year statute of limitations, so long as he or she knew or had reason to know of a potential cause. *Matson v. Burlington N. Santa Fe R.R.,* 240 F.3d 1233 (10th Cir. 2001); *Tolston v. National R.R. Passenger Corp.,* 102 F.3d 863, 865-66 (7th Cir. 1996). An injured plaintiff must act diligently to investigate potential causes and cannot wait until the injury and any suspect cause is actually made known to him by some unplanned incident. *United States v. Kubrick,* 444 U.S. 111, 123 (1979). The relevant inquiry is when a reasonable person in the plaintiff's position should have known, in the exercise of reasonable diligence, that his lung cancer was potentially work-related. *Matson,* 240 F.3d at 1236.

The undisputed facts reveal that a reasonable person in the decedent's position had reason to know that his railroad employment was a potential cause of his lung cancer when the condition was diagnosed in January of 1996. The decedent worked in the railroad industry for 35 years, and industry with an alleged "number of known occupational risks and diseases." *Loyal v. Norfolk Southern Corp.,* 507 S.E.2d 499, 501 (Ga. App. 1998). After being diagnosed with lung cancer, a reasonable person should and must investigate potential causes of the injury. *See, e.g., Fries,* 909 F.2d at 1097 (Once injury was known, FELA plaintiff's delay in investigating potential cause of injury was unreasonable and action untimely filed); *Roviello v. Long Island R.R..,* 828 N.Y.2d 514, 515 (N.Y.A.D. 2 Dept., 2007) (FELA claim for plaintiff's exposure to toxic substances at work accrued when plaintiff was diagnosed with lung cancer). There is nothing in the record to suggest that the decedent did anything after his 1996 small cell lung

cancer diagnosis to investigate potential causes of his injury. Plaintiff may not merely rest on the decedent's claimed ignorance of the medical association between asbestos and lung cancer to defeat summary judgment. *See Robb v. CSX Transp., Inc.,* 420 S.E.2d 379 (Ga. Ct. App. 1992).

As the United States Supreme Court succinctly stated, "a plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community." *Kubrick,* 444 U.S. at 123. If the decedent had made a reasonable investigation into his diagnosis in January of 1996 he could have easily discovered relevant literature addressing asbestos exposure and lung cancer. Furthermore, over the past twenty-five years, current and former railroad employees have filed numerous FELA actions across the country alleging lung cancer as a result of occupational exposure to asbestos. *See, e.g., Liability under Federal Employers' Liability Act (FELA) for exposure to toxic substances,* 122 A.L.R. Fed. 45, §15 (1994). Viewing the facts in favor of Plaintiff, it is clear that a reasonable person in the decedent's position would have discovered the link between his alleged asbestos exposure and lung cancer immediately upon, or shortly after, the diagnosis in January of 1996. The failure of the decedent to timely investigate the potential cause of his 1996 small cell lung cancer diagnosis does not postpone the accrual of his claim.

Even assuming, *arguendo,* that the decedent's cause of action did not accrue upon the lung cancer diagnosis in 1996 or shortly thereafter, it is undisputed that any cause of action related to the 1996 lung cancer would have accrued no later than May 30, 2001 when Drs. Martindale and Harron reported that the decedent alleged exposure to asbestos at the railroad. (Ex. B) To be timely under this scenario, the decedent had until May 30, 2004 to file suit. The decedent and/or Plaintiff did not file suit for any alleged "asbestos-related lung cancer" until

February 23, 2005, which was long after the limitations period expired on any claim related to the decedent's 1996 small cell lung cancer.

C. **Any Claim for Damages Attributable to the Decedent's Alleged Asbestosis Diagnosis is Time-Barred.**

Plaintiff filed this FELA suit on February 23, 2005 – over eight months after the applicable statute of limitations expired on the decedent's alleged asbestosis injury claim. (Ex. A)[1] To be timely, the decedent must not have known or be expected to know of his alleged asbestosis injury until on or after February 23, 2002. It is undisputed that the decedent knew, or should have known, of his alleged asbestosis injury and its cause no later than May 30, 2001; the date Drs. Martindale and Harron issued their purported medical diagnosing reports, which Plaintiff submitted to this Court as the basis for the asbestosis injury claim. (Ex. B) Entry of partial summary judgment in favor of Defendant and against Plaintiff for any alleged asbestosis injury is required because Plaintiff did not file suit within the applicable limitations period.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Honorable Court to enter partial summary judgment in its favor as to each of the following claims alleged by Plaintiff:

1. Any and all claimed damages attributable to the decedent's 1996 diagnosis of small cell lung cancer and treatments related thereto; and

2. Any and all claimed damages attributable to the decedent's alleged diagnosis of asbestosis and treatments related thereto.

---

[1] Plaintiff's Complaint references a tolling agreement that extended the applicable statute of limitations; however, Defendant has not been able to locate any applicable tolling agreement to date.


ILLINOIS CENTRAL RAILROAD COMPANY

By: /s/Michael C. Hermann
Mark R. Kurz (IL# 06211071)
Michael C. Hermann (IL# 06286393)
BOYLE BRASHER LLC
5000 West Main Street, Box 23560
Belleville, IL  62223-0560
Phone: (618) 277-9000
Fax: (618) 277-4594
E-mail: mkurz@boylebrasher.com
E-mail: mhermann@boylebrasher.com

ATTORNEYS FOR DEFENDANT

**PROOF OF SERVICE**

I certify that on December 10, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: /s/Michael C. Hermann
Mark R. Kurz (IL# 06211071)
Michael C. Hermann (IL# 06286393)
BOYLE BRASHER LLC
5000 West Main Street, Box 23560
Belleville, IL  62223-0560
Phone: (618) 277-9000
Fax: (618) 277-4594
E-mail: mkurz@boylebrasher.com
E-mail: mhermann@boylebrasher.com